**Affirm and Opinion Filed May 20, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01393-CR**

**CAVIN ONEAL SWINEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-1840339-H**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Molberg

Appellant was charged by indictment with, and pleaded not guilty to, driving while intoxicated with two or more previous convictions, a third degree felony. *See* TEX. PENAL CODE §§ 49.04(a), (b); 49.09(b)(2). A jury found him guilty and sentenced appellant to thirteen years in the Texas Department of Criminal Justice's Institutional Division, and the trial court entered judgment. Appellant argues the trial court erred in allowing the State's expert to provide certain testimony about blood alcohol concentration and accidents. For the reasons that follow, we affirm the trial court's judgment in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

BACKGROUND[1]

The State called six witnesses in the guilt-innocence phase of trial. Among them were law enforcement officers Kody Martinez and Preston Hoke, who testified about their work and their encounters with appellant on February 17, 2018, the date of the alleged offense as described in the indictment.

Officer Martinez, who arrived first, testified he initially responded to a family violence call and had a description of a suspect who tried to ram a vehicle belonging to the suspect's girlfriend. Appellant met that description. Initially, Officer Martinez placed appellant at gunpoint,[2] and once backup arrived, Officer Martinez placed appellant in handcuffs to detain him and investigate the offense further. Officer Martinez searched appellant and found no weapon but did find a car key. Officer Martinez described appellant's demeanor as showing signs of intoxication and stated appellant was lethargic, mumbling, and slurring. He immediately noticed that appellant had a strong odor of alcohol and bloodshot eyes. Officer Martinez conducted field sobriety testing of appellant and determined appellant was too intoxicated to operate a motor vehicle. He placed appellant under arrest, and he read to appellant the "DIC 24" statutory warning form for permission to take his blood or

---

[1] We recount only those facts necessary to our disposition of this case.

[2] Officer Martinez testified that the call involved an aggravated assault and that he was told a gun was involved. He testified he had no officer with him and that it was standard operating procedure to put someone at gunpoint until he had backup because of the severity of the offense and for officer safety.

breath and that informed appellant of the consequences of consenting to or refusing the test. After appellant consented, he was transported to a hospital for a blood draw.

Meanwhile, Officer Hoke had arrived at the scene after being dispatched to a disturbance involving a car accident. When he came into contact with appellant, appellant was on one side of an elementary school and his car was on the other side, and officers had been told by other callers that the suspect had started to run away from the vehicle. Officer Hoke inspected the car and completed a crash report.

The last witness called by the State in the guilt-innocence phase was Andrew Macey, a blood alcohol section supervisor at the Texas Department of Public Safety Crime Laboratory (DPS crime lab). Macey has a bachelor of science degree with a major in chemistry, a master's degree in pharmaceutical sciences with a concentration in forensic drug analysis, and has been with the DPS crime lab for over twenty years.

Macey testified that he has received continuing training in blood alcohol determinations throughout his twenty years with the DPS crime lab and has provided expert testimony in the area of toxicology for blood alcohol determinations on many prior occasions. Macey defined toxicology for the jury and described the procedures used for testing blood alcohol concentration generally, and he testified that he received and tested a vial of blood labeled with appellant's name. He testified that the blood sample contained 0.181 grams of alcohol per 100 milliliters of blood and that, in his opinion, a person with that score was intoxicated. He could not

extrapolate from the test result what appellant's blood alcohol concentration was when he was driving because he did not have the necessary information to do so.

Macey testified that, as part of his training and experience, he knows how alcohol affects motor skills and driving. He explained that driving is a divided-attention skill, requiring people to pay attention to multiple conditions, such as the speed limit and whether there are other things in front of or beside them, and that because alcohol slows down processes in a person's brain, it slows a person's judgment as well, such that it takes longer to decide how fast a person is going and whether there are other things around them.

Following that testimony, the prosecutor asked Macey about his familiarity with studies regarding blood alcohol concentrations and accidents. This resulted in the following exchange that raises the sole issue on appeal:

> [PROSECUTOR]: And are you familiar with any studies relating to blood alcohol concentrations and accidents?
>
> [MACEY]: I do know -- I read one. There is one out there.
>
> [PROSECUTOR]: And is that a study done by --
>
> [DEFENSE COUNSEL]: Your Honor, object to this being outside of his area of expertise.
>
> THE COURT: Response.
>
> [PROSECUTOR]: Your Honor, this witness has already testified that he is an expert in the area of toxicology. That directly relates to toxicology just as the use of motor skills while operating a motor vehicle. It goes to show how that directly relates to car accidents.
>
> THE COURT: Objection is overruled. Don't go too deep into this.

[PROSECUTOR]: Based on that study, do you know the blood score which most accidents occur, or a range?

[MACEY]: It's pretty lower than you would think. It's within -- I think the .08 to .12 is what they add that may be around that range, from what I remember.

ISSUE AND ANALYSIS

The sole issue before us is whether the trial court abused its discretion in allowing Macey to testify about the blood alcohol score range within which most accidents occur.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019); *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). The trial court abuses its discretion when it acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably. *Rhomer*, 569 S.W.3d at 669. We will not reverse the trial court's ruling unless it falls outside the zone of reasonable disagreement. *Johnson*, 490 S.W.3d at 908.

Texas Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

TEX. R. EVID. 702. Thus, three conditions must be satisfied to admit expert testimony: "(1) the witness must be qualified as an expert by his or her knowledge, skill, experience, training, or education; (2) the subject matter of the testimony must

–5–

be an appropriate one for expert testimony; and (3) admitting the expert testimony will actually assist the fact-finder in deciding the case.'" *Rhomer*, 569 S.W.3d at 665 (quoting *Vela v. State*, 209 S.W.3d 128, 131 (Tex. Crim. App. 2006)). These conditions are commonly referred to as (1) qualification, (2) reliability, and (3) relevance. *Rhomer*, 569 S.W.3d at 665.

Appellant argues that Macey was not qualified to testify about the range of blood alcohol concentration and accidents because he only reviewed one study about the topic. The State argues that the trial court could reasonably conclude that Macey was qualified to provide the challenged testimony based on Macey's familiarity with the study in question and his background, training, and experience on the effects of alcohol on the human body.

We agree with the State. Based on the record before us, we conclude that the trial court's decision to allow Macey's challenged testimony was within the zone of reasonable disagreement and that the court did not abuse its discretion in allowing it. *See Rhomer*, 569 S.W.3d at 669 (affirming court of appeals' decision that the trial court did not abuse its discretion in allowing challenged expert testimony in that

case). *Vela*, which appellant cites as support,[3] is distinguishable and does not compel a different conclusion.[4]

CONCLUSION

We overrule appellant's sole issue and affirm the trial court's judgment.

/Ken Molberg/
KEN MOLBERG
JUSTICE

191393f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

---

[3] Appellant cites the portion of *Vela* that stated, "Just as the subject matter of an expert's testimony should be tailored to the facts of a case, the expert's background must be tailored to the specific area of expertise in which the expert desires to testify." *Vela*, 209 S.W.3d at 132.

[4] *Vela*, a sexual assault case, examined a decision by one of our sister courts that a trial court erred in excluding expert testimony by a certified legal nurse consultant who, based on her general nursing experience, opined that no sexual assault occurred because there was no DNA or physical evidence linking Vela to the alleged rape; she also stated that she had not written, nor was aware of, any published articles supporting that theory. *Vela*, 209 S.W.3d at 130. The court of criminal appeals vacated the appellate court's judgment in that case and concluded that the court improperly evaluated the expert's qualifications, failed to evaluate the reliability of her proposed testimony, and failed to give proper deference to the trial judge who had excluded the testimony. *Id*. at 136.

–7–